MKM:EAG
F. # 2017R01548

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA        PLEA AGREEMENT

    - against -

                                  18 CR 337 (S-1) (WFK)

SALVATORE DISANO,

              Defendant.

- - - - - - - - - - - - - - - - X

          Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States Attorney's Office for the Eastern District of New York (the "Office") and SALVATORE DISANO (the "defendant") agree to the following:

          1.      The defendant will plead guilty to Count One of the above-captioned indictment (the "Indictment"), charging a violation of 18 U.S.C. § 1962(c), and, at his guilty plea, admit as racketeering acts his participation in the extortionate collection of credit from the individual identified in the Indictment as John Doe #1 (as alleged in Racketeering Act 5) and the extortionate collection of credit from the individual identified in the Indictment as John Doe #3 (as alleged in Racketeering Act 7). The count carries the following statutory penalties:

          a.      Maximum term of imprisonment: 20 years
                 (18 U.S.C. § 1963(a)).

          b.      Minimum term of imprisonment: 0 years
                 (18 U.S.C. § 1963(a)).

          c.      Maximum supervised release term: 3 years, to follow any term of imprisonment; if a condition of release is violated, the defendant may be sentenced to up to 2 years without credit for pre-release imprisonment or time previously served on post-release supervision (18 U.S.C. § 3583 (b) & (e)).

    d.      Maximum fine: The greater of $250,000, or twice the gross profits or other proceeds of the enterprise
(18 U.S.C. §§ 3571 and 1963(a)).

    e.      Restitution: Mandatory in the full amount of each victim's losses as determined by the Court.
(18 U.S.C. §§ 3663A and 3664).

    f.      $100 special assessment
(18 U.S.C. § 3013).

    g.      Other penalties: As set forth below in paragraphs 6 to 13, criminal forfeiture.

2.     The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The Office will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. See 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). The Office estimates the likely adjusted offense level under the Guidelines to be 21, which is predicated on the following Guidelines calculation:

R.A. 5: Extortionate Extension of Credit Conspiracy – John Doe #1

    Base Offense Level (§2E2.1(a))                                          20

<u>R.A. 7: Extortionate Extension of Credit Conspiracy – John Doe #3</u>

|  |  |
|---|---|
| Base Offense Level (§2E2.1(a)) | 20 |

<u>Multiple Racketeering Act Analysis (§ 3D1.4)</u>

|  |  |  |
|---|---|---|
| Highest Adjusted Offense Level |  | 20 |
| Units: |  |  |
|     Racketeering Act 5 (§ 3D1.4(a)) | 1 |  |
|     Racketeering Act 7 (§ 3D1.4(a)) | 1 |  |
|     Racketeering Act 8 (§ 3D1.4(a)) | 1 |  |
|     Racketeering Act 9 (§ 3D1.4(a)) | <u>1</u> |  |
| Total Units | 4 |  |
| Levels Added (§ 3D1.4): |  | +4 |
| Less: Minor role (§ 3B1.2(b)) |  | -2 |
| Less: Global resolution (§5K2.0) |  | <u>-1</u>[1] |
| Total: |  | 21 |

If the defendant clearly demonstrates acceptance of responsibility, through allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(a), resulting in an adjusted offense level of 19 and a range of imprisonment of 33 – 41 months, assuming that the defendant falls within Criminal History Category II.[2] Furthermore, if the defendant has accepted responsibility as described above, to

---

[1] As set forth in paragraph 15, the one-level reduction for a global resolution is only applicable if the conditions set forth in paragraph 15 are satisfied.

[2] The government and the defendant agree that although the defendant falls within Criminal History Category III under the Guidelines, Criminal History Category III substantially over-represents the seriousness of the defendant's criminal history and the likelihood that the defendant will commit other crimes. The government and the defendant therefore agree to

the satisfaction of the Office, and if the defendant pleads guilty on or before March 22, 2019 an additional one-level reduction will be warranted, pursuant to U.S.S.G. § 3E1.1(b), resulting in an adjusted offense level of 18. This level carries a range of imprisonment of 30 - 37 months, assuming that the defendant falls within Criminal History Category II. The defendant stipulates to the above Guidelines calculation.

       3.       The Guidelines estimate set forth in paragraph 2 is not binding on the Office, the Probation Department or the Court. If the Guidelines offense level advocated by the Office, or determined by the Probation Department or the Court, is, for any reason, including an error in the estimate, different from the estimate, the defendant will not be entitled to withdraw the plea and the government will not be deemed to have breached this agreement.

       4.       The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 63 months or below. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant further waives the right to raise on appeal or on collateral review any argument that (1) the statute(s) to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute(s). Nothing in the foregoing waiver of appellate and collateral review rights shall preclude the defendant from raising a claim of ineffective assistance of

---

recommend, pursuant to U.S.S.G. § 4A1.3(b)(1) that the Court find that the defendant falls within Criminal History II.

4

counsel in an appropriate forum. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 5(a) he is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

5. The Office agrees that:

   a. no further criminal charges will be brought against the defendant for his participation in (i) using extortionate means to extend and collect, and conspiracy to extend and collect, extensions of credit to the individuals identified in the Indictment as John Does 1, 3, 4 and 5, (ii) laundering the proceeds of a loansharking business, and (iii) making false statements to the FBI upon arrest, all for the time period between March 2017 and July 11, 2018, it being understood that this agreement does not bar the use of such conduct as predicate acts or as the basis for sentencing enhancements in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq., and at the time of sentence, it will move to dismiss the remaining counts of the Indictment and the underlying indictment with prejudice;

and, based upon information now known to the Office, it will

   b. take no position concerning where within the Guidelines range determined by the Court the sentence should fall; and

   c. make no motion for an upward departure under the Sentencing Guidelines.

If information relevant to sentencing, as determined by the Office, becomes known to the Office after the date of this agreement, the Office will not be bound by paragraphs 5(b) and 5(c). Should it be judged by the Office that the defendant has violated any provision of this agreement, the defendant will not be released from his plea of guilty but this Office will be released from its obligations under this agreement, including but not limited to: (a) moving for

5

the additional one-level downward adjustment for timely acceptance of responsibility described in paragraph 2 above; and (b) the provisions of paragraphs 5(a)-(c).

6. The defendant acknowledges that he obtained and/or acquired property that is subject to forfeiture as a result of his violation of 18 U.S.C. § 1962(c), as alleged in the Indictment. The defendant consents to the entry of a forfeiture money judgment in the amount of 1,000 dollars and zero cents ($1,000.00) (the "Forfeiture Money Judgment"). The defendant agrees that the amount of the Forfeiture Money Judgment represents: (a) any interest that the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claims against, or property or contractual rights of any kind that affording a source of influence over any enterprise which the defendant has established, operated, controlled, conducted and participated in the conduct of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or is derived from, any proceeds which the defendant obtained, directly or indirectly, from his racketeering activity, in violation of 18 U.S.C. § 1962; and/or (d) substitute assets in accordance with the provisions of 18 U.S.C. § 1963(m), and/or 21 U.S.C. § 853(p), and thus is forfeitable to the United States pursuant to 18 U.S.C. §§ 1963(a). The defendant consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, imposing the Forfeiture Money Judgment.

7. The Forfeiture Money Judgment shall be paid in full within 30 days of sentencing (the "Due Date"). All payments made by the defendant toward the Forfeiture Money Judgment shall be made by money order, certified check and/or official bank check, payable to the "U.S. Marshals Service." The defendant shall cause said payment(s) to be sent by overnight mail delivery to Assistant United States Attorney Brendan G. King, United States Attorney's Office, Eastern District of New York, 271-A Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the instrument. The defendant consents to

the restraint of all payments made toward the Forfeiture Money Judgment. The defendant further consents to the forfeiture of such payments as: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, through either an administrative or judicial (civil or criminal) forfeiture proceeding, at the Office's election. The defendant also waives all statutory deadlines, including but not limited to deadlines set forth in 18 U.S.C. § 983.

8. If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Due Date, the defendant consents to the forfeiture of any other property of his up to the amount of the unpaid Forfeiture Money Judgment, pursuant to 18 U.S.C. § 1963(m), and further agrees that the conditions of 18 U.S.C. § 1963(m)(1)-(5) have been met.

9. The defendant agrees to fully assist the government in effectuating the payment of the Forfeiture Money Judgment, by among other things, executing any documents necessary to effectuate any transfer of title to the United States. The defendant agrees not to file a claim or petition seeking remission or contesting the forfeiture of any property against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) proceeding. The defendant further agrees not to assist any person or entity in the filing of any claim or petition seeking remission or contesting the forfeiture of any property

7

against which the government seeks to satisfy the Forfeiture Money Judgment in any administrative or judicial (civil or criminal) forfeiture proceeding.

10. The failure of the defendant to forfeit any monies and/or properties as required under this agreement, including the failure of the defendant to execute any document to accomplish the same on timely notice to do so, may constitute a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant.

11. The defendant represents that he will disclose all of his assets to the United States on the financial statement entitled "United States Department of Justice Financial Statement" (hereinafter, the "Financial Statement") on or before the date of the defendant's plea hearing, and will provide a copy to Assistant United States Attorney Brendan G. King. The defendant agrees that a failure to disclose all assets on the Financial Statement and to inform the government in writing of any material changes up until the time of sentencing constitutes a material breach of this agreement. Upon such a breach, the defendant will not be entitled to withdraw the plea, but the Office may bring additional criminal charges against the defendant. Should undisclosed assets which the defendant owns or in which the defendant has an interest be discovered, the defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets and agrees that said assets shall be forfeited to the United States pursuant to 18 U.S.C. §§ 1963(a) and 1963(m), as: (a) any interest the defendant acquired or maintained in violation of 18 U.S.C. § 1962; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the person has established, operated, controlled, conducted or participated in the conduct

of, in violation of 18 U.S.C. § 1962; (c) any property constituting, or derived from, any proceeds which the defendant obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962; and/or (d) a substitute asset.

12. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of any monies and/or properties forfeited hereunder, including notice set forth in an indictment, information or administrative notice. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the entry of a Forfeiture Money Judgment, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the Ex Post Facto clause of the Constitution, any applicable statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

13. The defendant agrees that the entry and payment of the Forfeiture Money Judgment are not to be considered a payment of a fine, penalty, restitution loss amount, or any income taxes that may be due, and shall survive bankruptcy.

14. This agreement does not bind any federal, state, or local prosecuting authority other than the Office, and does not prohibit the Office from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant.

15. This agreement is conditioned upon the following: (a) the defendants listed below (the "covered defendants") entering guilty pleas, pursuant to plea offers dated January 23, 2019, on or before March 26, 2019, and (b) acceptance of those pleas by a United States District Court Judge at the time of the plea allocution. The covered defendants are:

9

      i.    Jerry Ciauri;
     ii.    Vito Difalco;
    iii.    Salvatore Disano;
    iv.    Joseph Maratea; and
     v.    Joseph Rizzo.

If fewer than all of the covered defendants satisfy conditions 15(a) and 15(b), or if any of the covered defendants subsequently seeks to withdraw his guilty plea, the Office, in its sole discretion, may elect to void any or all of the covered defendants' plea agreements and proceed to trial. The Office may also elect not to recommend a reduction under the Guidelines for a global disposition. No covered defendant will have the right to withdraw his guilty plea in any of those circumstances.

    16.    Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in

this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: Brooklyn, New York

March 22, 2019

RICHARD P. DONOGHUE
United States Attorney
Eastern District of New York

By: _____
Elizabeth A. Geddes
Mathew S. Miller
Assistant United States Attorneys

Approved by:

_____
M. Kristin Mace
Supervising Assistant U.S. Attorney

I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily.

_____
SALVATORE DISANO
Defendant

Approved by:

_____
Royce Russell, Esq.
Counsel to Defendant

11