```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,                       :
                                                :
            v.                                  :      **MEMORANDUM & ORDER**
                                                :      18-CR-337-3 (WFK)
SALVATORE DISANO,                               :
                                                :
                        Defendant.              :
-------------------------------------------------------------X
```

**WILLIAM F. KUNTZ, II, United States District Judge:** On March 22, 2019, Salvatore Disano ("Defendant") pled guilty to Count One of the Superseding Indictment. The Court now sentences him and provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c)(2) of those factors set forth by Congress and contained in 18 U.S.C. § 3553(a). For the reasons discussed below, Defendant is hereby sentenced to 33 months of incarceration, 2 year(s) of supervised release with special conditions, and a $100 mandatory special assessment.

## BACKGROUND

On August 1, 2018, the Government filed a 34-count Superseding Indictment against Defendant and his codefendants. Superseding Indictment, ECF No. 48. On March 22, 2019, Defendant pled guilty pursuant to a plea agreement to Count One of the Superseding Indictment, charging Defendant with racketeering in violation of Title 18, United States Code, Section 1962(c). ECF Nos. 143, 144.

The Court hereby sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the 18 U.S.C. § 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Legal Standard

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. The "starting point and the initial benchmark" in evaluating a criminal sentence is the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 49 (2007). If and when a district court chooses to impose a sentence outside of the Sentencing Guidelines range, the court "shall state in

open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines.  18 U.S.C. § 3553(c)(2).  The court must also "state[] with specificity" its reasons for so departing or varying "in a statement of reasons form."  *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)."  *United States v. Davis*, 08-CR-0332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.).  Section 3553(a) provides a set of seven factors for the Court to consider in determining what sentence to impose on a criminal defendant.  The Court addresses each in turn.

II.   Analysis

   A. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the defendant."  18 U.S.C. § 3553(a)(1).

Defendant was born on April 24, 1970 in Brooklyn, New York, to the marital union of Salvatore and Beverly (nee Petito) Disano.  Presentence Investigation Report ("PSR") ¶ 165, ECF No. 179.  Defendant's father died at age 37 from complications with juvenile diabetes.  *Id.*  Defendant states his father was "sick his whole life."  *Id.*  Defendant's mother resides in Bensonhurst, Brooklyn and works as a waitress and bartender.  *Id.*  Defendant has one sibling, a brother, who is in good health, married with one child, lives on Staten Island, New York, and works for a company providing school buses for the disabled.  *Id.* ¶ 166.  Defendant is close to his mother and brother, both of whom are aware of Defendant's conviction and remain supportive.  *Id.* ¶¶ 166–67.  Defendant was raised in a low-income household in the Bensonhurst

2

section of Brooklyn.  *Id.* ¶ 167.  His family relied on food stamps and public assistance benefits. *Id.*  Defendant reported both his parents were loving but with his father sick and mother working long hours, the family circumstances were difficult.  *Id.*

Defendant met his first wife, Francesca Stango, in 1997 while incarcerated at Wallkill Correctional Facility.  *Id.* ¶ 168.  They maintained a close relationship through Defendant's incarceration and married in 2004.  *Id.*  Defendant lived with his first wife on Long Island until the couple divorced in 2013 due to "irreconcilable difference" and he has not had contact with his ex-wife since.  *Id.*  No children were born from the marriage.  *Id.*  Following the divorce, Defendant moved back to Brooklyn where he met his current wife, Francesca Fragomeni, whom he married on May 16, 2015.  *Id.* ¶ 169.  Defendant's wife works in patient billing at Maimonides Hospital in Brooklyn, is aware of Defendant's conviction, and remains supportive. *Id.*  The couple do not have children.  *Id.*

In her letter to the Court, Defendant's wife states Defendant is "a wonderful family man" who has shown her and her family "nothing but love, kindness, generosity and loyalty."  Ltrs. In Supp. at 1, ECF No. 224.  Defendant's wife describes the two years she was out of work on medical leave during which Defendant took care of her "in every possible way, never once complaining."  *Id.*  Defendant has also submitted letters from numerous neighbors and friends who describe him as "genuinely thoughtful, respectable, gracious and kind," consistently doing favors for the neighbors such as moving their cars for alternate side parking, carrying groceries, and sweeping up leaves.  *Id.* at 3–7.

Defendant has remained in custody since his arrest on July 11, 2018.  PSR at 1. According the Bureau of Prisons' SENTRY system, Defendant has no disciplinary history and works in the food service.  *Id.* ¶ 172; Def.'s Sentencing Mem. ("Def. Mem") at 4, ECF No. 220.

Defendant suffers from high blood pressure, asthma, and migraine headaches. PSR ¶ 174. According to Defendant's attorney, Defendant's asthma, diabetes, high blood pressure, and age place him in the high risk category of individuals who, if infected, could face severe consequences from exposure to COVID-19. Def. Mem. at 3. Defendant has no history of mental health issues or substance abuse. *Id.* ¶¶ 176–77.

Defendant is an associate of the Colombo crime family of La Cosa Nostra, an organized crime group operating in the Eastern District of New York and elsewhere. *Id*. ¶¶ 2, 10. Between approximately 2013 and 2018, Defendant's codefendant Jerry Ciauri spearheaded a loansharking business where he gained access to significant amounts of money and lent it at exorbitant rates of interest under the threat of bodily harm if debtors did not make timely payments. *Id.* ¶ 25. Ciauri recruited Defendant to assist in making collections from individuals who owed interest payments on loansharking loans. *Id.* ¶ 28. During one encounter, Ciuari directed Defendant to take down the debtor's license plate number to ensure they could locate the debtor in the future and make their seriousness clear to the debtor. *Id.* Defendant also participated in the extortion of John Doe #1. On March 9, 2017, Defendant and codefendant Anthony Licata approached John Doe #1 and used threats of economic harm to collect payment of a debt. *Id.* ¶¶ 47–51.

Defendant was arraigned on the initial indictment on July 11, 2018. ECF No. 27. Defendant was arraigned on the Superseding Indictment on August 7, 2018. ECF No. 50. On March 22, 2019, Defendant pled guilty to Count One of the Superseding Indictment, Racketeering in violation of 18 U.S.C. § 1962. Plea Agreement, ECF No. 144.

B. The Need for the Sentence Imposed

The second § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to

4

provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2).

The Court's sentence recognizes the seriousness of Defendant's offense and punishes Defendant accordingly. It seeks to deter Defendant from further criminal activity, from disregarding U.S. law, and from engaging in illicit activity.

### C. The Kinds of Sentences Available

The third § 3553(a) factor requires the Court to detail "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Count One of the Superseding Indictment charging him with Racketeering in violation of 18 U.S.C. § 1962. Plea Agreement ¶ 1; PSR ¶ 1. Within Count One, Defendant admitted to his participation in the extortionate collection of credit from the individual identified in the Superseding Indictment as John Doe #1 (as alleged in Racketeering Act 5) and the extortionate collection of credit from the individual identified in the Superseding Indictment as John Doe #3 (as alleged in Racketeering Act 7). *Id.*

By statute, Defendant faces a maximum term of imprisonment of twenty years and a maximum term of supervised release of three years. 18 U.S.C. §§ 1963, 3583(b)(2). Defendant also faces a maximum fine of $250,000.00, *id*. § 3571(b), or twice the gross gain or twice the gross loss of the enterprise, *id*. § 1963(a), and a mandatory special assessment of $100.00, *id*. § 3013. Defendant may be sentenced to a term of probation of not less than one year nor more than five years. *Id.* § 3561(c)(1). One of the following must be imposed as a condition of

5

probation unless extraordinary circumstances exist: a fine, restitution, or community service. *Id.* § 3563(a)(2).

### D. The Kinds of Sentence and the Sentencing Range Established for Defendant's Offenses

The fourth § 3553(a) factor requires the Court to discuss "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines[.]" *Id.* § 3553(a)(4)(A).

For a violation of 18 U.S.C. § 1962(c), the applicable Guideline is USSG § 2E1.1(a), which states the underlying racketeering activity determines the base offense level. United States Sentencing Commission, Guidelines Manual ("USSG") § 2E1.1. The commentary to Guideline § 2E1.1 states, "[w]here there is more than one underlying offense, treat each underlying offense as if contained in a separate count of conviction for the purpose of subsection (a)(2)." Application Note 1. The Government advised it can prove by a preponderance of the evidence additional extortionate collection of credit racketeering activity which Defendant was not convicted. PSR ¶ 6, Gov't Sentencing Mem. ("Gov't Mem.") at 4–5. Per *United States v. Ruggiero*, all racketeering activity in furtherance of the racketeering enterprise, charged and uncharged, must be taken into consideration for Guideline purposes, as it is considered relevant conduct to the racketeering charges. 100 F.3d 284, 290–91 (2d Cir. 1996).

All parties agree the applicable Guideline for extortionate collection of credit conspiracy and extortionate collection of credit, for Acts 5, 7, 8, and 9 is USSG § 2E2.1, which provides a base offense level of 20. All parties agree because Defendant was a minor participant in the instant offense, the offense level is decreased by two (2) levels per USSG § 3B1.2(b) resulting in an adjusted offense level (subtotal) of 18.

The extortionate collection of credit conspiracies and the extortionate collections of credit for each individual victim are grouped per USSG §3D1.2(b).  Count 1, Racketeering Acts 5, 7, 8, and 9 cannot be further grouped per the rules in USSG §3D1.2.  Units are assigned pursuant to USSG § 3D1.4(a), (b) and (c).  One unit is assigned to the group with the highest offense level (18).  One-half unit is assigned to any group that is 5 to 8 levels less serious than the highest offense level.

All parties agree pursuant to USSG § 3D1.4(a), (b) and (c), because there were multiple acts of racketeering and the number of units assigned to the racketeering offense is either 3.5 or 4, the offense level is increased by four levels (+4).  USSG § 3D1.4.  All parties agree the resulting Combined Adjusted Offense Level is twenty-two (22).

Defendant has clearly demonstrated acceptance of responsibility for the offense.  Accordingly, the offense level is decreased by two levels (-2).  *Id.* § 3E1.1(a).  Because the Government was notified in a timely manner of Defendant's intention to enter a plea of guilty, the offense level is decreased by one (-1) additional level.  *Id.* § 3E1.1(b).  The Government and Defendant further calculate a decrease Defendant's offense level by one (-1) applying the global plea reduction noted in the plea agreement.  Gov't Mem. at 5; Def. Mem. at 2.  Probation also notes the Court may reduce the offense by one level by applying the global plea reduction.  PSR ¶ 211, U.S. Probation Dep't Sentence Recommendation ("Prob. Rec.") at 2, ECF No. 179-1.  This results in a total offense level of 18.  Gov't Mem. at 5; Def. Mem. at 2, Prob. Rec. at 2.

The parties disagree regarding Defendant's criminal history category.  The Government and Defendant recommend a criminal history category of two (II).  Although the Government and Defendant recognize Defendant falls within criminal history category three (III) under the Guidelines, they argue criminal history category three (III) substantially over-represents the

seriousness of Defendant's criminal history and likelihood Defendant will commit other crimes. Gov't Mem. at 5, Def. Mem. at 1.  Therefore, in the plea agreement both parties agreed to recommend the Court find Defendant falls within criminal history two (II), pursuant to USSG § 4A1.3(b)(1).  Plea Agreement 4–5.  A total offense level of 18 and a criminal history category of two (II) yields a Guidelines term of imprisonment range of 30 to 37 months.  USSG Ch. 5, Part A.  Probation acknowledge the agreement between Defendant and the Government, but states the criminal history of three (III) is properly calculated and an appropriate reflection of the seriousness of Defendant's criminal history, yielding a Guidelines term of imprisonment range of 33 to 41 months.  PSR Addendum at 1, ECF No. 196; Prob. Rec. at 1.

The Guidelines further recommend a maximum term of supervised release between one and three years, *id.* § 5D1.2(a)(2), and a fine of between $10,000.00 and $100,000.00, *id.* § 5E1.2(a).  The Guidelines advise Defendant is ineligible for probation.  *Id.* § 5B1.1 n.2.

Probation recommends a sentence of 33 months in custody and 2 years' supervised release.  Prob. Rec. at 1.  The Government requests a sentence within the Guidelines range of 30 to 37 months.  Gov't Mem. at 5.  Defense counsel requests a time served.  Def. Mem. at 5.

### E.  Pertinent Policy Statement(s) of the Sentencing Commission

The fifth § 3553(a) factor requires the Court to evaluate "any pertinent policy statement . . . issued by the Sentencing Commission."  18 U.S.C. § 3553(a)(5).  This factor is not relevant to Defendant's sentencing.

### F.  The Need to Avoid Unwarranted Sentence Disparities

The sixth § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a)(6).  For the reasons stated in this Memorandum and

Order, and considering the other six § 3553(a) factors, the Court's sentence avoids unwarranted sentence disparities.

### G. The Need to Provide Restitution

Finally, the seventh § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution shall be ordered in this case. 18 U.S.C. § 3663A. However, the Government has not yet provided the losses the victims may have suffered. PSR ¶ 59. At an appropriate time, the Court will resolve the outstanding restitution requirement.

## CONCLUSION

A sentence of 33 months of incarceration, 2 year(s) of supervised release with special conditions, and a $100 mandatory special assessment is appropriate and comports with the dictates of § 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish, the purposes of § 3553(a)(2). As stipulated by the parties, the last six months of Defendant's term of incarceration will be served at home in home confinement. ECF No. 246.

The Court expressly adopts the factual findings of the Presentence Investigation Report and the addenda thereto, barring any errors contained therein, to the extent they are not inconsistent with this opinion.

**SO ORDERED.**

s/ WFK
_____
HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: June 25, 2020
      Brooklyn, New York

9